Dear Mr. Dukes:
This office is in receipt of your opinion request of recent date wherein you ask whether members of the Pointe Coupee Police Jury could be subject to criminal liability under La.R.S. 14:134, Malfeasance in Office, by voting to hire a qualified white female candidate as a utility clerk after the Police Jury had been informed by the Police Jury counsel that the black female candidate, who had held the position on a temporary basis for five or six months, possibly could prevail in a racial discriminatory hiring suit.
La.R.S. 14:134, Malfeasance in Office, provides:
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty unlawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when lawfully designated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty. *Page 2 
As noted in State v. Boyte,973 So.2d 900 (La. App. 2 Cir. 2007), writ denied,983 So.2d 1272 (La. 2008):
Under Louisiana law, prosecutions for malfeasance of office as defined by La. 14:134(1) and 14:134(2) presuppose the existence of "a statute or provision of the law which delineates an affirmative duty upon the official." [citations omitted]. This duty "must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges." [citations omitted].
As noted in State v. McGuffie,962 So.2d 1111 (La. App. 2 Cir. 2007), writ denied,976 So.2d 1283 (La. 2008):
The crime of malfeasance of office is intended to protect the public by deterring elected officials and governmental employees alike from the abuse of public office and duties.
Valid reasons for hiring actions born out by sufficient evidence may negate a prima facie case of racial discrimination.Guillory v. Landry Parish Police Jury,802 F.2d 822 (5th Circuit, 1986), cert denied,107 S.Ct. 3190 (1987). Valid reasons include, but are not limited to, budgetary concerns, employment history, physical capacity, and statistical evidence of racial hiring patterns. Guillory v.Landry Parish Police Jury, 802 Fd.2d at 824.
In the opinion of this office, unless sufficient credible evidence demonstrates that the Police Jurors intentionally chose to hire an applicant based on racial, political or other improper motivation prescribed by the state Civil Service Rules or federal law, La.R.S. 42:1113(A)(1) would not apply to a hiring decision. Absent improper motivation in its decision to hire a qualified white female applicant over a qualified black female applicant, the Police Jury would not be subject to criminal liability under La.R.S. 14:134.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ DAVID WEILBAECHER, JR. ASSISTANT ATTORNEY GENERAL